**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN L. RICCIO,<br><br>Plaintiff,<br><br>v.<br><br>ERNEST C. TORRES, U.S. DISTRICT JUDGE, ROBERT CLARK CORRENTE, UNITED STATES ATTORNEY, ZECHARIAH CHAFEE, ASSISTANT UNITED STATES ATTORNEY,<br><br>Defendants. | ) | Civil No. 07-184 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD 40 JOHN DOES**

Defendants United States District Judge Ernest C. Torres, United States Attorney Robert Clark Corrente, and Assistant United States Attorney Zechariah Chafee oppose Plaintiff John L. Riccio's Motion for Leave to Amend the Complaint to Add 40 John Does on futility grounds. Plaintiff's amended complaint is barred by judicial immunity, prosecutorial immunity, and Heck v. Humphrey, 512 U.S. 477 (1994). Moreover, Plaintiff's amended complaint fails to state a claim against the John Doe defendants because it does not describe the John Does' involvement in the allegations in the complaint and does not describe generally the John Does' identity.

In support of this opposition, Defendants refer the Court to the Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion for Leave to Amend Complaint to Add 40 John Does.

Therefore, Defendants request that the Court deny Plaintiff's Motion for Leave to Amend the Complaint to Add 40 John Does.

Respectfully submitted,

THOMAS P. COLANTUONO
United States Attorney

/s/ Seth R. Aframe
By:
Seth R. Aframe
Mass. Bar No. 643288
Special Attorney, District of Rhode Island
U.S. Department of Justice
53 Pleasant Street, Fourth Floor
Concord, NH 03301-3904
(603) 225-1552
seth.aframe@usdoj.gov

September 18, 2007

CERTIFICATE OF SERVICE

I certify that on this 18th day of September, 2007, the foregoing Opposition and accompanying Memorandum of Law was mailed via first-class, postage prepaid, mail to John L. Riccio, 122 King Phillip Drive, No. Kingstown, RI 02852, pro se plaintiff.

/s/ Seth R. Aframe
Seth R. Aframe, Special Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN L. RICCIO,<br><br>Plaintiff,<br><br>v.<br><br>ERNEST C. TORRES, U.S. DISTRICT JUDGE, ROBERT CLARK CORRENTE, UNITED STATES ATTORNEY, ZECHARIAH CHAFEE, ASSISTANT UNITED STATES ATTORNEY,<br><br>Defendants. | ) | Civil No. 07-184 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO AMEND COMPLAINT TO INCLUDE 40 JOHN DOES**

I. INTRODUCTION.

Pro se Plaintiff John L. Riccio has filed a civil rights action under 42 U.S.C. § 1983 against United States District Judge Ernest C. Torres, United States Attorney Robert Clark Corrente, and Assistant United States Attorney Zechariah Chafee. Plaintiff claims that his constitutional rights were violated by Judge Torres' disposition of various pretrial motions that Plaintiff filed pro se in his criminal case.[1] See Plaintiff's Complaint ("Cmpl.") at ¶ 5. Plaintiff seeks $10 million in damages for each alleged constitutional violation and to have the criminal indictment against him dismissed. Id. at ¶¶ 5, 6. Plaintiff was convicted on the criminal charge and awaits sentencing. See Crim. DN 34.

---

[1]Plaintiff was indicted for making a false statement to a federal agency in violation of 18 U.S.C. § 1001. See United States v. Riccio, 07-cr-0012 (D.R.I.); Criminal Docket No. 34 ("Crim. DN"). Plaintiff was prosecuted by AUSA Chafee and was initially represented by a federal public defender, but eventually represented himself. See Crim. DN 12.

Plaintiff now seeks to amend his complaint to add 40 John Does who he claims are "Unnamed Defendants [who] are guilty of Violating the Plaintiff's Constitutional and Civil Rights and are an integral part of the Instant Case Facts." Plaintiff did not, however, attach a copy of his proposed amended complaint to his motion as required by Local Rule 15(a).

The Court should deny Plaintiff's motion because it is futile. Judicial immunity, prosecutorial immunity, and Heck v. Humphrey, 512 U.S. 477 (1994), bar the complaint against any defendant that Plaintiff could possibly name. Moreover, Plaintiff's motion fails to provide adequate information connecting the John Does to his claims or sufficiently describing the John Does' identity.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT IS FUTILE.

A court should deny a motion to amend where it is futile.[2] See Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006). That is, a motion to amend should be rejected where "the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

### A. Plaintiff's Motion For Leave To Amend Is Futile Because His Claims Are Barred By Judicial And Prosecutorial Immunity.

The complaint alleges that Plaintiff's constitutional rights were violated by discrete decisions on certain pretrial motions that Plaintiff filed in his criminal case. See Cmpl. at ¶ 5.

[2]Plaintiff was not required to move to amend his complaint; he could have amended as a matter of right because Defendants have not filed a responsive pleading. See Fed.R.Civ.P. 15(a). Plaintiff eschewed this course and chose instead to move for leave to amend his complaint. See id. In such circumstances, a court should reject the motion where the proposed amendment is futile. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990), overruled in part on other grounds, Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 67 (1st Cir. 2004).

Despite Plaintiff's failure to state with specificity the general identity of the John Doe defendants, see infra at 6, the only individuals that reasonably could be involved in the disposition of Plaintiff's motions are employees of the Federal District Court and the United States Attorney's Office. But these individuals are shielded by judicial and prosecutorial immunity, so adding them as defendants would be pointless.

Judicial immunity bars claims against a judicial officer "for normal and routine judicial acts" so long as the judicial officer has subject matter jurisdiction. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); see Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs. Mem.") at 5-6. Plaintiff's action against Judge Torres predicated on the judges' disposition of motions in his criminal case is a quintessential example of a case that is barred by judicial immunity. See Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 21 (1st Cir. 1988) (per curiam).

In addition to shielding Judge Torres from suit, judicial immunity also shields court personnel that may have been involved in the disposition of Plaintiff's motions. See United States v. Folding Carton Admin. Committee, 121 F.R.D. 69, 71-72 (N.D. Ill. 1988) (collecting cases in which judicial immunity has been extended to various court personnel). Thus, Plaintiff's request to amend his complaint to add John Doe defendants in the hopes of identifying members of Judge Torres' staff, such as law clerks, court clerks, or clerical staff, involved in the disposition of his pretrial motions is futile because these individuals are immune from suit.

The same analysis applies to the extent that Plaintiff seeks to name additional personnel from the United States Attorney's Office. Prosecutorial immunity shields a prosecutor from civil liability for any action that is "intimately associated with the judicial phase of the criminal

process." Burns v. Reed, 500 U.S. 478, 491 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)); Defs. Mem. at 7-8. This immunity extends to members of the prosecutor's staff involved in the prosecution. See Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995). Although Plaintiff's complaint does not make any specific allegations against USA Corrente or AUSA Chafee, insofar as Plaintiff intended to claim that they somehow were responsible for the adverse disposition of his pretrial motions, prosecutorial immunity shields them and their staffs from liability. See Defs. Mem. at 7-8. Accordingly, adding John Doe defendants from the United States Attorney's Office also would be useless.

B. Plaintiff's Motion For Leave To Amend Is Futile Because The Claims Are Barred By Heck v. Humphrey.

Plaintiff's complaint seeks $10 million in damages for each alleged violation of his constitutional rights and the dismissal of his criminal indictment. See Cmpl. at ¶¶ 5, 6. Heck v. Humphrey, 512 U.S. at 477, bars these claims against any defendant that Plaintiff could possibly name. See Defs. Mem. at 8-9.

Heck holds that a plaintiff may not bring a § 1983 action for damages predicated on actions in a criminal proceeding whose unlawfulness would render the plaintiff's conviction invalid, unless the conviction has been overturned or expunged.[3] 512 U.S. at 486-87. Heck also bars civil right claims seeking injunctive relief that would disturb the validity of an underlying

[3]Plaintiff erroneously pleaded his cause of action under 42 U.S.C. § 1983. See Defs. Mem. at 4-5. Because Plaintiff's claims are against federal officials acting under the color of federal law, this action should have been pleaded as asserting Bivens claims. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Def. Mem. at 4-5. Nevertheless, Heck applies equally to Bivens claims. See, e.g., Case v. Milewski, 327 F.3d 564, 569 (7th Cir. 2003); Pandey v. Freedman, 66 F.3d 306 (1st Cir. 1995) (TABLE).

criminal conviction. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Brown v. Rhode Island, 215 F.3d 1311 (1st Cir. 2000) (TABLE).

Heck precludes Plaintiff's complaint. Plaintiff seeks damages and injunctive relief based on alleged constitutional violations flowing from the disposition of pretrial motions in his criminal case. See Cmpl. at ¶ 5. If Plaintiff's allegations were meritorious, the validity of his conviction would be in doubt. Accordingly, Plaintiff cannot pursue a civil rights action based on these allegations, unless his conviction has been overturned or expunged. As that has not happened, Plaintiff has not stated a claim for relief and should not be permitted to add more defendants to his already hopeless claims.

In addition to asserting that his constitutional rights were violated by the disposition of his pretrial motions, Plaintiff has made vague allegations (though not asserted claims) that he received ineffective assistance of counsel during the criminal proceeding and that his conviction was invalid because of an allegedly unlawfully arrest. Cmpl. at ¶ 5. Heck would also bar claims based on these allegations and, therefore, adding John Doe defendants to pursue these claims would be pointless. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (concluding that § 1983 claim based on ineffective assistance of counsel is barred by Heck); Wells v. King, ___ Fed.Appx. ___, 2007 WL 1166126 at *1 (3d Cir. Apr. 20, 2007) (holding that unlawful arrest claim was barred by Heck where the essence of the plaintiff's claim was that the subsequent conviction was unlawful because of the allegedly invalid arrest).

C. Plaintiff's Motion For Leave To Amend Is Futile Because The Resulting Complaint Would Be Too Vague To State A Claim.

Plaintiff's Motion for Leave to Amend the Complaint violates this Court's Local Rules because Plaintiff failed to attach the proposed amended pleading to his motion. See L.R. 15(a). The Court should deny Plaintiff's motion on this basis. See Katz v. New Hampshire Div. of Children & Youth Servs., 1994 WL 255230 at *4 (D.N.H. Mar. 31, 1994). Furthermore, based on content of Plaintiff's motion, the resulting complaint against the John Does would be too vague to state a claim.

A plaintiff may proceed initially against a John Doe defendant where the plaintiff does not know the name of the defendant he wishes to sue. See Wilson v. Town of Mendon, 294 F.3d 1, 7 n.16 (1st Cir. 2002). But a plaintiff may not name a John Doe defendant unless he alleges "how each . . . John Doe was involved in the challenged actions or decisions." Laxton v. Watters, 348 F.Supp.2d 1024, 1029 (W.D. Wis. 2004). The plaintiff also must provide enough information about the John Does to permit their identification through reasonable discovery. See Hastings v. Fidelity Mortgage Decisions Corp., 984 F.Supp. 600, 605 (N.D. Ill. 1997).

This Court should deny Plaintiff's motion because it does not provide adequate information about the involvement of the John Does in Plaintiff's claims nor the John Does' general identity. The motion merely states that Plaintiff has "recently discovered a number of Federal & State Government employees and/or Co-conspirators that need to be added to the Current List of 3 Defendants." It does not, however, provide a basis for linking these proposed defendants to the allegations in the complaint. See Carter v. Bartle, 1990 WL 156543 at *2-3 (E.D. Pa. Oct. 9, 1990) (dismissing complaint against John Does where complaint did not state

allegations connecting them to the violation alleged in the complaint). Moreover, the motion does not narrow the class of possible defendant beyond the unwieldy category of all state and federal employees. Accordingly, based on the scant information provided in Plaintiff's motion, the resulting complaint would be too vague to state a claim for relief against the John Doe defendants.

## III. CONCLUSION.

For the reasons stated, Plaintiff's Motion For Leave to Amend the Complaint to Include 40 John Does should be denied because amending the complaint is futile.

Respectfully submitted,

THOMAS P. COLANTUONO
United States Attorney

/s/ Seth R. Aframe
By:
Seth R. Aframe
Mass. Bar No. 643288
Special Attorney, District of Rhode Island
U.S. Department of Justice
53 Pleasant Street, Fourth Floor
Concord, NH 03301-3904
(603) 225-1552
seth.aframe@usdoj.gov

September 18, 2007