**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOHN L. RICCIO,<br><br>Plaintiff,<br><br>v.<br><br>ERNEST C. TORRES, U.S. DISTRICT JUDGE, ROBERT CLARK CORRENTE, UNITED STATES ATTORNEY, ZECHARIAH CHAFEE, ASSISTANT UNITED STATES ATTORNEY,<br><br>Defendants. | Civil No. 07-184 |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, United States District Judge Ernest C. Torres, United States Attorney Robert Clark Corrente, and Assistant United States Attorney Zechariah Chafee move this Court to dismiss Plaintiff's action for several reasons. First, Plaintiff has not stated a cause of action under 42 U.S.C. § 1983 because Defendants are federal officials who were acting under the color of federal law. Second, because Plaintiff's claims arise out of Defendants' judicial and prosecutorial acts, Defendants are absolutely immune from suit. Third, Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiff's claims because Plaintiff seeks damages and injunctive relief based on actions that took place in a criminal proceeding that resulted in Plaintiff's conviction and the conviction has not been overturned or expunged. Fourth, the complaint does not contain any allegations against USA Corrente or AUSA Chafee and, therefore, does not state a claim against them. And finally, insofar as Plaintiff has sought to sue Defendants in their official capacities, the claims are against

the United States, not within any waiver of sovereign immunity, and beyond the subject matter jurisdiction of this Court.

In support of this motion, Defendants refer the Court to the Memorandum of Law in Support of Defendants' Motion to Dismiss with attached exhibits and to the record of this litigation.

Because this is a dispositive motion, Plaintiff's concurrence has not been sought.

Therefore, Defendants request that the Court grant this motion and enter an order dismissing Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.

Respectfully submitted,

THOMAS P. COLANTUONO
United States Attorney

/s/ Seth R. Aframe
By:

Seth R. Aframe
Mass. Bar No. 643288
Special Attorney, District of Rhode Island
U.S. Department of Justice
53 Pleasant Street, Fourth Floor
Concord, NH 03301-3904
(603) 225-1552
seth.aframe@usdoj.gov

September 18, 2007

CERTIFICATE OF SERVICE

I certify that on this 18th day of September, 2007, the foregoing Motion and accompanying Memorandum of Law with attached exhbits was mailed via first-class, postage prepaid, mail to John L. Riccio, 122 King Phillip Drive, No. Kingstown, R.I. 02852, pro se plaintiff.

/s/ Seth R. Aframe
Seth R. Aframe, Special Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN L. RICCIO,<br><br>Plaintiff,<br><br>v.<br><br>ERNEST C. TORRES, U.S. DISTRICT JUDGE, ROBERT CLARK CORRENTE, UNITED STATES ATTORNEY, ZECHARIAH CHAFEE, ASSISTANT UNITED STATES ATTORNEY,<br><br>Defendants. | ) | Civil No. 07-184 |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I. INTRODUCTION.

Pro se Plaintiff John L. Riccio filed this civil action against United States District Court Judge Ernest C. Torres, United States Attorney Robert Clark Corrente, and Assistant United States Attorney Zechariah Chafee on May 21, 2007, one day before the beginning of Plaintiff's criminal trial before Judge Torres for submitting a false statement to a federal agency. See United States v. Riccio, 07-cr-0012 (D.R.I.). Plaintiff was subsequently convicted and awaits sentencing. See Criminal Docket, attached as Exhibit A, DN 34 ("Crim. DN").

Plaintiff's rambling and substantially unintelligible complaint appears to assert that Judge Torres violated 42 U.S.C. § 1983 by not allowing various pretrial motions that Plaintiff filed in his criminal case. See Plaintiff's Complaint ("Cmpl."), DN 1. The complaint contains no specific allegations against USA Corrente or AUSA Chafee. Plaintiff seeks $10 million in

damages for each alleged constitutional violation and to have the criminal indictment against him dismissed. See id. at ¶¶ 5, 6.

This Court should dismiss Plaintiff's complaint for a lack of subject matter jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for several reasons. First, because Plaintiff's claims are against federal officials acting under the color of federal law, Plaintiff has not stated a claim under 42 U.S.C. § 1983. Second, judicial immunity bars the claims against Judge Torres, and prosecutorial immunity bars the claims against USA Corrente and AUSA Chafee, to the extent there are any. Third, Plaintiff cannot seek damages since his conviction has not been overturned or expunged and cannot seek to have his indictment dismissed through a civil rights action. Fourth, Plaintiff has not made any allegations against USA Corrente and AUSA Chafee and, therefore, has not stated a claim against them. And finally, insofar as Plaintiff seeks to proceed against Defendants in their official capacities, the suit is against the United States and barred by sovereign immunity.

## II. FACTUAL BACKGROUND.

On January 24, 2007, Plaintiff was indicted for making a false statement to the Transportation Safety Administration on an employment application in violation of 18 U.S.C. § 1001. See Crim. DN 1.[1] AUSA Zechariah Chafee prosecuted Plaintiff, Plaintiff was represented by Federal Public Defender Kevin Fitzgerald, and Judge Torres presided over the case. See id.

---

[1]In ruling on a motion to dismiss under Rules 12(b)(1) and 12(b)(6), a court may consider the record of related litigation without converting the motion to a motion for summary judgment. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 19 (1st Cir. 2003).

On May 2, 2007, Plaintiff, unhappy with Mr. Fitzgerald's representation, filed a motion to represent himself pro se. See Crim. DN 12; Cmpl. at ¶ 5. After a hearing on May 10, 2007, Judge Torres allowed the motion and permitted Plaintiff one week to file pretrial motions. See Crim. Dkt., Minute Entry 5/10/07; Cmpl. at ¶ 5. On May 16, 2007, Plaintiff filed several motions that are the genesis of this action:

(1) Motion to Continue the Trial for at Least 30 Days;

(2) Motion to Dismiss the Indictment;

(3) Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion and All Public Officers of this Court to Uphold Said Rights;

(4) Motion to Demand this Court Read All Pleadings Defendant Files and Adhere Only to Constitutionally Complaint (sic) Law and Case Law, and More Particularly the Bill of Rights, in Its Rulings; and

(5) Motion that the Court take judicial notice of Plaintiff's right to be tried under "Common Law."

See Crim. DNs 15, 16, 18, 20, 21, attached as Exhibits B-F.

On May 18, 2007, Judge Torres denied Plaintiff's motions for a continuance and to dismiss the indictment. See Crim. DN 22. Thereafter, USA Corrente and AUSA Chafee responded to the other motions, except for the motion for taking judicial notice. See id. at DNs 23, 25, attached as Exhibits G, H. Judge Torres did not act on these remaining motions. See Crim. Dkt. generally. Plaintiff's trial began on May 22, 2007, and a jury returned a guilty verdict on May 25, 2007. See Crim. DN 34. Judge Torres has scheduled sentencing on October 2, 2007. See Crim. Dkt. at 8/23/07, Notice of Hearing.

The gravamen of Plaintiff's prolix complaint is that Judge Torres denied Plaintiff's constitutional rights by not allowing any of his pretrial motions. See Cmpl. at ¶ 5. Plaintiff claims that Judge Torres showed "total disregard" for his constitutional rights and showed "extreme bias" in considering the various motions. Id. As a result, Plaintiff seeks damages of $10 million for each alleged violation of his constitutional rights and to have the indictment against him dismissed. See id. at ¶¶ 5, 6.

II. THE COURT SHOULD DISMISS THE CLAIMS AGAINST ALL DEFENDANTS.

A. Plaintiff's Complaint Fails Because Defendants Are Federal Officials Who Were Acting Under The Color Of Federal Law.

Plaintiff asserts 42 U.S.C. § 1983 as the sole jurisdictional basis for his complaint. See Cmpl. at ¶¶ 1, 2, 5, 6. This is a fatal flaw because Plaintiff has sued only federal officials acting under the color of federal law.

Section 1983 provides a cause of action to protect an individual's federal rights that are violated by a person "acting under the color of state law." 42 U.S.C. § 1983. Section 1983 does not, however, provide a cause of action against a person acting under the color of federal law.[2] Rogers v. Vicuna, 264 F.3d 1, 4 (1st Cir. 2001). Such claims must be brought as a Bivens action. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); Day v. Mass. Air Nat'l Guard, 167 F.3d 678, 683 (1st Cir. 1999).

The constitutional violations alleged here took place in the context of a federal court criminal proceeding and were allegedly committed by federal officials. As such, Defendants

[2] A § 1983 action may be brought against a federal official if the federal official acts in a conspiracy with a state actor to deprive the plaintiff of his or her federal rights. See Redondo-Borges v. U.S. Dep't of Housing & Urban Development, 421 F.3d 1, 6 (1st Cir. 2005). There are no allegations of such a conspiracy here.

were acting under color of federal, not state, law when the alleged infringements of Plaintiff's constitutional rights occurred. Plaintiff's complaint relies solely on 42 U.S.C. § 1983 and does not even mention Bivens. Accordingly, Plaintiff has failed to plead a cognizable claim, and his complaint should be dismissed on this basis. See Chatman v. D.E. Hernandez, 805 F.2d 453, 455 (1st Cir. 1986) (affirming dismissal of claims brought under 42 U.S.C. § 1983 because claim was brought against persons acting under the color of federal law).[3]

B. If The Court Treats Plaintiff's Complaint As Asserting A Bivens Action, The Complaint Is Barred By Judicial And Prosecutorial Immunity.

Even if the Court treats Plaintiff's complaint as asserting a Bivens claim, see Rogers, 264 F.3d at 4, the complaint fails because Defendants are immune from suit under the judicial and prosecutorial immunity doctrines.

1. Judge Torres is immune from suit under the judicial immunity doctrine.

Plaintiff's complaint alleges a variety of claims against Judge Torres arising from his handling of various pretrial motions in Plaintiff's criminal case. See Cmpl. at ¶ 5. As a result, at all relevant times, Judge Torres was performing judicial tasks and, therefore, is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355 (1978).

Judicial immunity provides that a judge cannot be subject to a civil suit "for any normal and routine judicial act." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). Judicial

[3]Plaintiff's complaint also includes stray references to 18 U.S.C. §§ 241 and 242, federal statutes criminalizing conspiracies to violate civil rights. See Cmpl. at ¶¶ 1, 2, 5, 6. It is well-settled that these statutes do not provide a basis for civil liability. E.g., Figueroa v. Clark, 810 F.Supp. 613, 615 (E.D. Pa. 1992); Powers v. Karen, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), aff'd, 963 F.2d 1522 (2nd Cir. 1992) (TABLE); Fiorino v. Turner, 476 F.Supp. 962, 963 (D. Mass. 1979).

immunity is rooted in the fundamental principle that a judge "shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 80 U.S. 335, 347 (1871). Most pertinent here, judicial immunity insulates judges "from vexatious actions prosecuted by disgruntled litigants." Forrester v. White, 484 U.S. 219, 225 (1988).

There are only two exceptions to the bar imposed by judicial immunity. First, immunity does not attach where the judge acts in a non-judicial capacity. Forrester, 484 U.S. at 227. Second, immunity does not attach where the judge takes an action, albeit judicial in nature, "in the clear absence of all jurisdiction." Stump, 435 U.S. at 356. For this exception to apply, the judge clearly must not have had jurisdiction over the subject matter before him. Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 21 (1st Cir. 1988) (per curiam).

Neither exception applies here. First, Plaintiff's claims are all predicated on Judge Torres' disposition of pretrial motions in a pending criminal case. See Cmpl. at ¶ 5. The disposition of motions is a quintessentially judicial function. See Stump, 435 U.S. at 362. Second, Judge Torres clearly had subject matter jurisdiction over Plaintiff's criminal case as Plaintiff was indicted for violating a federal statute. See 18 U.S.C. § 3231 (providing the federal district courts with exclusive jurisdiction over offenses against the laws of the United States).

Some of the hyperbolic language in Plaintiff's complaint suggests that Plaintiff may argue that Judge Torres was acting in the absence of jurisdiction when considering his motions. For example, in paragraph 3 of the complaint, Plaintiff asserts that Judge Torres conducted a "Kangaroo Court" and "Sham Legal Proceeding." Cmpl. at ¶ 3. And in paragraph 6, Plaintiff contends that Judge Torres was "acting without jurisdiction" in making the challenged rulings. Id. at ¶ 6.

These assertions are beside the point. "A judge does not lose immunity because an action is erroneous, malicious, in excess of his authority, or disregardful of elementary principles of procedural due process." Decker, 845 F.2d at 21. Plaintiff's claims relate to the disposition of motions in a legal proceeding over which Judge Torres undeniably had subject matter jurisdiction. Plaintiff merely challenges the merits of these rulings. Immunity therefore attaches, and the claims against Judge Torres should be dismissed. See id. (concluding that judicial immunity barred claim against a judge for not ruling on the plaintiff's motion because the judge had subject matter jurisdiction over the case in which the motion was filed).

2. USA Corrente and AUSA Chafee are immune under the prosecutorial immunity doctrine.

Plaintiff's complaint makes no allegations against USA Corrente or AUSA Chafee, which is a sound basis for dismissing the complaint against them, see Cmpl. at ¶¶ 9-10. But even if Plaintiff intended to allege that they were somehow responsible for the disposition of his pretrial motions, prosecutorial immunity would bar the claims against them.

Like judicial immunity, prosecutorial immunity establishes an absolute shield to civil liability. See Guzman-Rivera v. Rivera-Cruz, 55 F.3d 26, 29 (1st Cir. 1995). For prosecutorial immunity to attach, the prosecutor's actions must be "intimately associated with the judicial phase of the criminal process." Burns v. Reed, 500 U.S. 478, 493 (1991) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). The purpose of prosecutorial immunity is to protect "the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." Id. at 485.

USA Corrente's and AUSA Chafee's only involvement with Plaintiff's motions was to file responses to some of them. See Crim. DNs 23, 25. Filing motions or responses to motions are acts intimately associated with the judicial phase of the criminal process and thus trigger prosecutorial immunity. See Cruz v. Kauai County, 279 F.3d 1064, 1067 n.3 (9th Cir. 2002) (affirming the grant of absolute immunity to prosecutor for filing a motion in a criminal case). Accordingly, to the extent that Plaintiff has made any claims against USA Corrente and AUSA Chafee, they are barred by prosecutorial immunity.

C. Plaintiff's Complaint Fails To State A Claim Because Neither His Claim For Damages Nor His Request For The Dismissal Of The Indictment Are Cognizable Bivens Actions.

Although not entirely clear, Plaintiff appears to seek two forms of relief. First, he seeks damages of $10 million for each alleged constitutional violation. See Cmpl. at ¶6. Second, he appears to request that the Court order the dismissal of his criminal indictment. See id. at ¶ 5. Neither form of relief is cognizable under Bivens.

To the extent that Plaintiff seeks damages, Heck v. Humphrey, 512 U.S. 477 (1994), bars his claim. Heck holds that a plaintiff may not bring a suit under § 1983 for damages predicated on actions in a criminal proceeding whose unlawfulness would render the plaintiff's conviction invalid, unless the conviction has been overturned, expunged, or otherwise declared invalid. Id. at 486-87. Even though Heck concerned a § 1983 claim, its holding has been applied to bar suits under Bivens. E.g., Case v. Milewski, 327 F.3d 564, 569 (7th Cir. 2003); Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Williams v. Hill, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996); Pandey v. Freedman, 66 F.3d 306 (1st Cir. 1995) (TABLE).

Heck squarely precludes Plaintiff's damages claim. The complaint asserts that Judge Torres made several rulings during Plaintiff's criminal proceeding that violated Plaintiff's constitutional rights. See Cmpl. at ¶ 5. If Judge Torres did, in fact, render unlawful rulings during Plaintiff's criminal proceeding, the validity of Plaintiff's conviction would be in doubt. Thus, Plaintiff can only bring a Bivens action after his conviction has been overturned, expunged, or otherwise declared invalid. Heck, 512 U.S. at 486-87. None of these preconditions has been satisfied here as Plaintiff has been convicted and awaits sentencing. Accordingly, Plaintiff's Bivens action for damages is barred. Ariatti v. Edwards, 171 Fed.Appx. 718, 720 n.2 (10th Cir. 2006) (concluding that, even if claims against a judge for allegedly unconstitutional rulings during a criminal proceeding were not barred by judicial immunity, they would be barred by Heck because the plaintiff's conviction had not been overturned or expunged).

Plaintiff's request for the dismissal of his indictment is also barred. A plaintiff may not bring a Bivens action seeking injunctive relief to upset a criminal conviction; such relief is available only through a direct appeal or a collateral proceeding under 28 U.S.C. § 2255. See Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (dismissing Bivens action where the plaintiff sought relief challenging the validity of his conviction); see also Rodriguez v. Carhart, 73 F.3d 355 (1st Cir. 1996) (TABLE). Thus, Plaintiff cannot pursue dismissal of his indictment in this action.

D. Plaintiff's Complaint Against USA Corrente And AUSA Chafee Should Be Dismissed Because The Complaint Asserts No Allegations Against Them.

While pro se pleadings are liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Plaintiff's pro se status does not "insulate [him] from complying with procedural and substantive law," Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Thus, a pro se pleading should be dismissed where the plaintiff formally pleads a claim "without the requisite supporting facts." Id.

So it is here. Plaintiff's complaint makes absolutely no allegations against USA Corrente or AUSA Chafee. The entire body of Plaintiff's complaint is directed at Judge Torres' handling of Plaintiff's pretrial motions. Indeed, there is not even a conclusory allegation connecting USA Corrente and AUSA Chafee to the other allegations in the complaint. Courts are not mind readers, Massey v. Stanley-Bostitch, Inc., 255 F.Supp.2d 7, 15-16 (D.R.I. 2003), nor can they "construct claims out of whole cloth," even for pro se plaintiffs, Conrad v. Colorado, 28 Fed.Appx. 789, 791 (10th Cir. 2001). Because there are no allegations against AUSA Corrente or USA Chafee, the claims against these Defendants should be dismissed.

E. Insofar As Plaintiff Intended To Sue Defendants In Their Official Capacities, The Claims Are Against The United States And Plaintiff Has Not Identified An Applicable Waiver Of Sovereign Immunity.

The complaint does not specify whether Plaintiff intended to name Defendants in their individual or official capacities. Insofar as Plaintiff intended to sue Defendants in their official capacities, sovereign immunity bars his claims.[4]

---

[4]The arguments made supra at 4-10 are grounds for dismissing the complaint against Defendants insofar as Defendants have been sued in their individual capacities.

A suit against a federal official in his or her official capacity is, in reality, a suit against the United States. See Dugan v. Rank, 372 U.S. 609, 620 (1963); American Policyholders Ins. Co. v. Nyacol Products, Inc., 989 F.2d 1256, 1259 (1st Cir. 1993). This is so because an official capacity lawsuit places liability on the government directly, not the individual officer. See Brandon v. Holt, 469 U.S. 464, 471-72 (1985); American Policyholders, 989 F.2d at 1259.

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Absent such consent, sovereign immunity bars suit against the United States. See Limar Shipping Ltd. v. United States, 324 F.3d 1, 6 (1st Cir. 2003). The waiver of sovereign immunity must be express. Testan, 424 U.S. at 399; Muirhead v. Mecham, 427 F.3d 14, 17 (1st Cir. 2005). Here, Plaintiff has not identified any such waiver, nor could he, because none apply where a plaintiff seeks damages from the United States for alleged violations of his constitutional rights.

There is one waiver of the United States' sovereign immunity against claims for money damages arising out of torts allegedly committed by federal employees – the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq. However, the FTCA bases liability on state, not federal, law. 28 U.S.C. § 1346(b). Thus, the FTCA does not provide a cause of action against the United States to a plaintiff, such as Plaintiff here, who claims that he was injured as a result of a violation of a federally-granted constitutional right. See FDIC v. Meyer, 510 U.S. 471, 478 (1994); Bolduc v. United States, 402 F.3d 50, 56 (1st Cir. 2005). Accordingly, Plaintiff cannot predicate his constitutional tort claim against the United States upon the FTCA.

Because the FTCA does not provide a cause of action for constitutional torts, plaintiffs often try to assert an action for an alleged constitutional violation by the United States under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. at 388. However, a Bivens action lies only against a federal official in his or her individual capacity, not the United States or its agencies. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). Thus, if the Court is willing to treat Plaintiff's complaint as asserting a Bivens action, supra at 4-5, the Courts lacks jurisdiction over the action insofar as it is against Defendants in their official capacities.

III. CONCLUSION.

For these reasons, this Court should dismiss Plaintiff's complaint against all Defendants and enter a final judgment in favor of Defendants.

Respectfully submitted,

THOMAS P. COLANTUONO
United States Attorney

/s/ Seth R. Aframe

By:
Seth R. Aframe
Mass. Bar No. 643288
Special Attorney, District of Rhode Island
U.S. Department of Justice
53 Pleasant Street, Fourth Floor
Concord, NH 03301-3904
(603) 225-1552
seth.aframe@usdoj.gov

September 18, 2007