John L. Riccio
122 King Philip Drive
North Kingstown, RI 02852
Tel: (401) 884-3032

American National
Non-Licensed Litigant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ( Criminal Case No: 07-012T |
| | ( |
| Plaintiff | ( DEFENDANT'S MOTION TO |
| | ( DISMISS FOR LACK OF SUBJECT |
| vs. | ( MATTER JURISDICTION |
| | ( |
| JOHN RICCIO | ( Hearing: |
| | ( Time: |
| Defendant | ( Judge: |
| | ( |

**COMES NOW** Defendant "John Riccio", and moves this Honorable Court, pursuant to the Oaths Sworn by the Presiding Judge and attending Public Officers, and their duties to the National Constitution, in any and all proceedings before this Honorable Court in this matter:

1. The Court Has No Jurisdiction because the Defendant's Constitutional Right of a Speedy Trial and a Violation of the 1974 Speedy Trial Act Has Been Violated. Proof of Violation of the 1974 Speedy Trial Act is verified from the U.S. Supreme Court Zedner vs. United States, No. 05-5992 (U.S. 06/05/2006). The U.S. Supreme Court gave a clear and precise ruling regarding the 70 Speedy Trial Act. #1. The Speedy Trial Clock starts when a Defendant is Arrested or Arraigned. The Defendant was Arraigned on Jan. 29, 2007. The U.S. Supreme Court Ruled in the Zedner Case that went on for over 3



Exhibit C

years that the Speedy Trial Clock can only be suspended if the Judge makes an "In Interest of Justice Statement" On the Record or in Writing explaining Why the Continuance is "in the Interest of Justice." Without this "In the Interest of Justice Statement", there can be no delay in the 70 Day Speedy Trial Act Clock. **Defendant John Riccio Was Arraigned on Jan. 29, 2007. As of May 17, 2007, the Speedy Trial Clock has reached 108 Days proving the 70 Day Speedy Trial Act has been Violated. There has been No "In The Interest Of Justice Statement" made On the Record.**

**(See Exhibit A of Zedner Case) "[15] 2. Petitioner is not estopped from challenging the excludability under the Act of the 1997 Continuance." "[16] When a District Court makes No Findings On The Record to Support a Sect.(h)(8) continuance, harmless error is not appropriate." "[17] 4. Because the 91 day continuance, which was not excluded from the Speedy Trial Clock, exceeded the maximum of 70 day delay, the Act Was Violated." Also in the Zedner Case, the Defendant Cannot Give Up His Constitutional Right to a Speedy Trial. THE U.S. SUPREME COURT HAS SPOKEN AND THIS CASE MUST BE DISMISSED or the Judge is Acting Without Jurisdiction and Violating the Defendant's Constitutional Rights. All District Courts are Courts of Inferior Jurisdiction and MUST under Article VI Supremacy Clause Obey Statutes and U.S. Supreme Court Rulings or the Court is Acting Without Jurisdiction.**

2. **Defendant John Riccio has been subjected to Unlawful Arrest & False Imprisonment giving this Court No Subject Matter Jurisdiction.** The Defendant has an Expert Witness. (See Exhibit 76 Page "A Treatise On Arrest and False Imprisonment) This Booklet covers every aspect of an Unlawful Arrest and False Imprisonment and

Case 1:07-cr-00012-T-DLM Document 16-1 Filed 05/16/2007 Page 3 of 9

some of its cases will be cited in this Motion To Dismiss. Also the U.S. Constitution Amendment Four states "The right of the people to be secure in Persons, houses, papers, and effects, against unreasonable searches and seizures, **shall not be violated, and no warrant shall issue, but upon probable cause, supported by Oath or affirmation,** and the **Persons** or things to be seized." **Defendant John Riccio is a PERSON.** The Only Exceptions to requiring an Arrest Warrant is if the Defendant is involved in a "Serious Felony" or is a "Flight Risk" and they do not apply to John Riccio. The following Facts will prove that John Riccio was Unlawfully Arrested and Falsely Imprisoned. #1. There was No Arrest Warrant or Supporting Affidavit as required by the 4th Amendment to the U.S. Constitution. If there had been one, it would have had to be Signed By a Judge to be a Valid Arrest Warrant. The Defendant only received an Indictment that was not Signed By a Judge and a Summons In a Criminal Case that also was not Signed By a Judge. Neither had a Sworn Affidavit outlining the Probable Cause & a Competent Witness as required under Common Law and the U.S. Constitution. **The 4th Amendment of the U.S. Constitution clearly calls for a Warrant. There is No Mention of an Indictment or a Summons being the same as a Warrant plus the Fact that No Judge Signed either one. As a result, this Court Has No Jurisdiction.** #2. An Arrest is Invalid and any Conviction MUST Be Overturned if the Defendant was not Served a Warrant and the Arresting Officer did not have the Warrant in His Possession. The Supreme Court of North Carolina stated in 6 C.J.S. Arrest Sec. 4, p.576 et seq., we find the general rule stated as follows: "The Warrant MUST at the time of Arrest be in the Possession of and with the Person purporting to Act there under or of one with whom he is Acting in Conjunction." In Beale's Pl. & Pr. Sec. 18 it is said "An Officer arresting on a Warrant

must have the Warrant with him, and must show it on request." In the Virginia Case of Muscoe v. Commonwealth, in which a policeman undertook to arrest Muscoe for a past misdemeanor, without a warrant, and Muscoe shot and killed him. He was convicted of Murder but the Appeal Court Reversed the Conviction stating "Indeed, not only must there be a Warrant in the class of cases last mentioned [misdemeanors], but, to justify the arrest, the officer MUST have the Warrant with him at the time." In 1 Bish, New Crim. Proc. Sec. 190, it is said "to justify an arrest under a warrant, the officer must have it in possession; and, if though delivered to him, he leaves it at his office or station house, it will not protect him." #3. The Law requires that an Arresting Officer take the Defendant directly to a Magistrate or Judge or he is Guilty of False Imprisonment for Violating His Constitutional Right of Due Process. Defendant John Riccio was not taken Directly to a Magistrate or Judge as required by Law. The Defendant was Booked, Fingerprinted, and Photographed Illegally Before Conviction and in Violation of his Constitutional Right of Due Process. **It is illegal to Book, Fingerprint, and Photograph a Defendant before Conviction.** **(See Page 70-71 Unlawful Arrest & False Imprisonment) "In 1945, the Chancery of New Jersey made an exhaustive study into the law and cases surrounding the act of fingerprinting etc. and reached the conclusion that 'there is no justification for the taking of fingerprints, photographs and other measurements in advance of Conviction.'"** If the Arresting Officer does not take the Defendant Directly to a Magistrate, the Defendant is being Denied the Constitutional Right of Due Process to Obtain Bail and to not be Booked, Fingerprinted, and the right to Bail so not to be Subjected to being Booked, Fingerprinted, and spend time in jail. The New York Supreme Court in the Gow Case stated "the duty of every member of the police force

under penalty of a fine or dismissal from the force, immediately upon arrest, to convey the offender, not to police headquarters to be photographed and measured, but before the nearest sitting magistrate that he may be dealt with according to law." (p. 1016) The Gow Case was upheld several years later by the Supreme Court, in a case where it was acknowledged "that the taking of a plaintiff's picture before conviction was an Illegal Act." #4. Magistrate Judge David L. Martin Misled and Performed Fraud Upon the Court when he stated in his Jan. 29, 2007 "Directions to United States Marshal" "X The Defendant is ORDERED released after processing." **The Defendant was Processed "Booked, Fingerprinted, and Photographed" before being taken to the Judge and the Defendant informed the Judge of this FACT as proof of Fraud Upon the Court.** #5. The Defendant Was Not Read His "Miranda Rights." On Mar. 22, 2006, the Defendant was by FSD Joseph Salter and insisted that the Defendant meet with him at the Main Offices the next day to help him Complete A Report on my accident. He lied about why the meeting was necessary because the Defendant was "Out of Work On Disability and was Highly Medicated." On Mar. 23, 2006, the Defendant met with FSD Joseph Salter who said the Report For Dept. of Labor Had to be Completed. The Defendant was forced to participate even though he was under Very High Medication. On April 20, 2006, FSD Joseph Salter starts an Unwarranted Investigation of John Riccio. **At No Time from Mar. 22, 2006 until today was the Defendant ever "Read His Miranda Rights." He was forced to meet with FSD Joseph Salter and TSA Agents who were Investigating the Defendant, but No One Read John Riccio his Miranda Rights as required by Law.** On Oct. 27, 2006, the Defendant was called in to the Main Office under the Excuse/Deception to Suspend Him Without Pay For Opinions With No

Evidence. This led to a Secret Grand Jury Investigation where John Riccio was not asked to Testify so his side of the Story could be told Under Oath. **It is worth noting that this phony vindictive investigation was started as a result of the Defendant Filing several Complaints against Supervisors Giving the Defendant the Legal Right To Be Protected Under the Whistle Blower's Act. The Defendant Complained to FSD Joseph Salter about there being No Work Breaks. Salter made the Workers include their 2 15 minute Work Breaks in their 30 minute Lunch Break. Next was a Complaint about Salter rearranging working hours during 2 Training Sessions, so there would be No Overtime for either the Day or the Week. Before Employment, there is a need for a Background Check in 2003 on a SF 86 Security Clearance Application. They lost the Defendant's SF 86 3 times and told him to place a new date on his previous application. Then they tried to call it a False Application without any Evidence. Legally they could not have an Employee for 2 ½ years without a SF 86 Application. They also lost the Defendant's ID Card and it took 9 months to get a new one. FSN Joseph Salter became very vindictive because of these Valid Complaints. He and the TSA Agents are guilty of Fraud as well as No Miranda Warning. The Facts Prove that the Plaintiff and the U.S. Prosecutor "Have Not Come To Court With Clean Hands."**

3. To meet the Criteria of Violating 18 U.S.C. Sec. 1001, there MUST be a False Statement of a Material Fact. <u>The Facts show no Evidence of any Violation of a Material Fact and more importantly as required Under Common Law, there is No Evidence of Anyone Being Damaged, and there is No Competent Witness of Anyone Being Damaged.</u> The Defendant is being Vindictively Charged with making a False Statement

because he followed directions from Joseph Salter and TSA Agents. The Facts are as follows: The Defendant applied for a job at TSA around Oct. 2003 and filled out an Application, but TSA did not hire him until July 25, 2004. Because the Defendant needed some Income, as is his Constitutional Right, he took a part time job with Wal-Mart in Nov. 2003 that ended into Feb. 2004. During this Part Time Employment, he hurt his back and was on Disability for a period of time. **The Wal-Mart Injury NEVER affected his job performance at TSA. About 6 months after going to work for TSA, the Defendant received a Disability/Job Injury Payment from Wal-Mart. TSA tried to say that this was not mentioned in the new Job Applications that were to replace the Oct. 2003 SF 86 Application. The Defendant was told to Copy the Oct. 2003 SF 86 Application with a Current Date of signature which he did. This was a form of Entrapment for following Directions from TSA Officials. The Legal Point is John Riccio worked for Wal-Mart long before going to work in July 2004 for TSA and his Injury at Wal-Mart never affected his Job Performance at TSA. Without Legal Evidence of Someone Being Damaged with a Competent Witness, the Charge of Violating 18 U.S.C. 1001 MUST Be Dismissed.**

CONCLUSION: This Motion To Dismiss has provided absolute Legal Evidence that this Court Has No Subject Matter Jurisdiction, so the Case MUST Be Dismissed. (See Exhibit B, 7 Pages Re Subject Matter Jurisdiction) #1. The Defendant has provided Irrefutable Evidence through the Facts and the U.S. Supreme Court Zedner Case that the 70 Day Speedy Trial Act of 1974 has been Violated with 108 Days from Arraignment without going to Trial. As a result, the Case MUST Be Dismissed. #2. The Defendant provided Irrefutable Evidence supported by Legal Citations & the 76 Page Booklet "A

Treatise On Arrest and False Imprisonment" proving that he had been Subject to Unlawful Arrest and False Imprisonment. Because the Defendant Received No Arrest Warrant and the Case MUST Be Dismissed when the Officer did not have an Arrest Warrant in his possession. The Arresting Officer was Guilty of False Imprisonment when the Booked, Fingerprinted, and Photographed the Defendant without Immediately taking the Defendant to a Magistrate Judge causing False Imprisonment and a Violation of the Defendant's Constitutional Right of Due Process. The Defendant was Never Given his "Miranda Warning" as required By Law. #3. Under Common Law, there MUST Be Evidence of Someone Being Damaged and a Competent Witness of the same. The Facts & Evidence proved that there was No Violation of a Material Fact related to a violation of 18 U.S.C. Sec. 1001. No One Was Damaged, so the Case MUST Be Dismissed as is the Defendant's Constitutional Right to be Judged Under Common Law.

**TAKE JUDICIAL NOTICE: The Defendant Demands that this Motion Be Granted, as is his "Constitutional Right" Under U.S. Constitution Article 3 Sec. 2 Clause 1 & "Demand Protection" Under U.S. Constitution Article 3 Sec. 2 Clause 2 or the Judge will be Guilty of Violating 18 U.S.C. Sec. 241, ~~[illegible]~~ Violations of the Individual Conspiracy to Violations of 42 U.S.C. Sec. 1983 "Under the Color of Law" and can be held "Personally Liable" for Violating the Defendant's Constitutional Rights under the Statutes Cited in this Paragraph.**

Respectfully submitted

All Rights Reserved

John Riccio American Citizen

## CERTIFICATE OF SERVICE

**I certify** that on this 17 day of May 2007 a true and correct copy of the foregoing Motion was mailed to:

Zechariah Chafee
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

John Riccio