UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN L. RICCIO,<br><br>Plaintiff,<br><br>v.<br><br>ERNEST C. TORRES, U.S. DISTRICT JUDGE, ROBERT CLARK CORRENTE, UNITED STATES ATTORNEY, ZECHARIAH CHAFEE, ASSISTANT UNITED STATES ATTORNEY,<br><br>Defendants. | ) | Civil No. 07-184 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION THAT THE CASE BE HEARD BY A DISTRICT JUDGE AND NOT A MAGISTRATE JUDGE AND THAT THE CASE BE TRANSFERRED TO MASSACHUSETTS**

I. INTRODUCTION.

Pro se Plaintiff John L. Riccio, proceeding in forma pauperis, has brought a civil action under 42 U.S.C. § 1983 against United States District Judge Ernest C. Torres, United States Attorney Robert Clark Corrente, and Assistant United States Attorney Zechariah Chafee. The complaint alleges that certain rulings Judge Torres issued during Plaintiff's criminal trial were unconstitutional. Docket Number ("DN") 1. Because the judges in the District of Rhode Island recused themselves from the case, this matter was reassigned to Chief Judge Steven McAuliffe of the District of New Hampshire. DNs 5, 6, 10. Defendants moved to dismiss the complaint for a lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). DN 17. After Defendants moved to dismiss, Chief Judge McAuliffe instructed Magistrate Judge James Muirhead to conduct a preliminary review

pursuant to 28 U.S.C. § 1915(e)(2) and to file a report and recommendation with the Court. DN 18. Plaintiff has now moved to preclude the Magistrate Judge from issuing a report and recommendation and to have the case transferred from the District of New Hampshire to the District of Massachusetts. DN 21.

Plaintiff's attempt to preclude the Magistrate Judge from issuing a report and recommendation is frivolous and should be denied. A district judge may assign a civil case to a magistrate judge for a report and recommendation without the parties' consent. Plaintiff's request that the case be transferred to the District of Massachusetts because of expense and inconvenience should also be denied. All filings in this matter and the jury trial will occur in Rhode Island, and Plaintiff can request that any pre-trial hearings also occur in Rhode Island.

## II. THIS CASE WAS PROPERLY REFERRED TO MAGISTRATE JUDGE MUIRHEAD FOR A REPORT AND RECOMMENDATION.

Without obtaining the consent of the parties, a district judge may assign to a magistrate judge any dispositive motion for purposes of providing the Court with a report and recommendation. See 28 U.S.C. § 636(b). After Defendants filed their motion to dismiss, the Court exercised this authority to assign the case to Magistrate Judge Muirhead for a report and recommendation pursuant to 28 U.S.C. § 1915(e)(2), which allows the Court to dismiss the complaint of a plaintiff, proceeding in forma pauperis, at any time for failure to state a claim.

Plaintiff's assertion that he refuses to be "Judged in the Instant Case by Magistrate Judge" is beside the point because it is not his choice whether the Magistrate Judge provides the Court with a report and recommendation on the merits of his claim. DN 21 at 1. In any event, once Magistrate Judge Muirhead provides his report and recommendation, Plaintiff can object

before the Court issues a final decision. See Fed. R. Civ. P. 72(b). Thus, a district judge will ultimately decide whether Plaintiff has stated a claim.

## III. PLAINTIFF WILL NOT SUFFER EXTREME INCONVENIENCE OR HARDSHIP BECAUSE THIS CASE WAS TRANSFERRED TO THE DISTRICT OF NEW HAMPSHIRE, INSTEAD OF THE DISTRICT OF MASSACHUSETTS.

Plaintiff asserts that forcing him to travel to New Hampshire for proceedings in this matter is so “unnecessary” and “unreasonable” that it is a form of “Cruel & Unusual Punishment.” DN 21 at 2. He requests, therefore, that the case be transferred to the District of Massachusetts.

Under the Local Rules for the District of Rhode Island all filings and any trial in this case will occur in Rhode Island. R.I. L.R. 106. Moreover, any pre-trial hearings can be held in Rhode Island or New Hampshire, and, therefore, Plaintiff can request that any hearing take place in Rhode Island. Id. Accordingly, the transfer of this case to the District of New Hampshire was proper, and Plaintiff’s claim that the transfer imposes a hardship upon him is unwarranted.

## IV. CONCLUSION.

For the reasons stated, Plaintiff’s motion to preclude the Magistrate Judge from issuing a report and recommendation and to transfer the case to the District of Massachusetts should be denied.

Respectfully submitted,

THOMAS P. COLANTUONO
United States Attorney

/s/ Seth R. Aframe
By:
Seth R. Aframe
Mass. Bar No. 643288
Special Attorney, District of Rhode Island
U.S. Department of Justice
53 Pleasant Street, Fourth Floor
Concord, NH 03301-3904
(603) 225-1552
seth.aframe@usdoj.gov

October 26, 2007