**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOHN L. RICCIO,<br><br>Plaintiff,<br><br>v.<br><br>ERNEST C. TORRES, U.S. DISTRICT JUDGE, ROBERT CLARK CORRENTE, UNITED STATES ATTORNEY, ZECHARIAH CHAFEE, ASSISTANT UNITED STATES ATTORNEY,<br><br>Defendants. | Civil No. 07-184 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

I. INTRODUCTION.

Pro se Plaintiff John L. Riccio has brought a civil action under 42 U.S.C. § 1983 against United States District Judge Ernest C. Torres, United States Attorney Robert Clark Corrente, and Assistant United States Attorney Zechariah Chafee. The complaint alleges that certain rulings that Judge Torres issued during Plaintiff's criminal trial were unconstitutional. Docket Number ("DN") 1. Defendants subsequently moved to dismiss the complaint for a lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). DN 17. Rather than responding to Defendant's motion to dismiss, Plaintiff has moved for an entry of default. DN 22. This motion must fail because Defendants timely filed their motion to dismiss.

## II. BECAUSE DEFENDANTS' MOTION TO DISMISS WAS TIMELY FILED, THE MOTION FOR ENTRY OF DEFAULT SHOULD BE DENIED.

Plaintiff filed the complaint in this action on May 21, 2007, and the case was referred to the District of New Hampshire. DNs 1, 3. Plaintiff's summonses were executed on May 22, 2007, making Defendants' answer or motion to dismiss due by July 23, 2007. DNs 7, 8, 9.

On July 20, 2007, Defendants moved to extend the deadline for answering or filing a motion to dismiss to August 20, 2007, which was allowed by Magistrate Judge Muirhead. DN 13; Text Order dated 08/07/2007. On August 20, 2007, Defendants moved for a second extension to answer or file a motion to dismiss until September 19, 2007. DN 14. Magistrate Judge Muirhead allowed this second extension, Text Order dated 09/12/2007; and Defendants filed their motion to dismiss by the September 19th deadline. DN 17.

A default may only be entered when a party fails to plead or otherwise defend an action in accord with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 55(a). Where, as here, an action is brought against officers of the United States sued in their individual capacities for acts occurring in connection with the performance of their official duties, the defendants have 60 days to answer or move to dismiss. See Fed. R. Civ. P. 12(a)(3)(B). Defendants successfully moved to extend this 60-day period twice and filed their motion to dismiss prior to the expiration of the second extension. Therefore, Defendants timely filed their motion to dismiss, and the motion for entry of default should be denied.

Plaintiff's motion is based on the faulty premise that Defendants received an extension to file their motion to dismiss only until August 20, 2007. See DN 22 at 2-3. Plaintiff either ignores or does not appreciate that the Court allowed the Defendants until September 19, 2007,

to file their motion. Because Defendants met this deadline, there is no basis for the entry of a default.

III. CONCLUSION.

For the reasons stated, the Court should deny Plaintiff's motion for the entry of a default.

Respectfully submitted,

THOMAS P. COLANTUONO
United States Attorney

/s/ Seth R. Aframe
By:
Seth R. Aframe
Mass. Bar No. 643288
Special Attorney, District of Rhode Island
U.S. Department of Justice
53 Pleasant Street, Fourth Floor
Concord, NH 03301-3904
(603) 225-1552
seth.aframe@usdoj.gov

October 26, 2007