**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

John L. Riccio

v. Civil No. 07-cv-184-SM

Ernest C. Torres, et al.

**REPORT AND RECOMMENDATION**

Pro se plaintiff John L. Riccio brings this civil rights action against United States District Judge Ernest C. Torres, United States Attorney ("USA") Robert Clark Corrente, and Assistant United States Attorney ("AUSA") Zechariah Chafee. Defendants allegedly abridged Riccio's constitutional rights during the course of his federal criminal proceedings. Although Riccio invokes 42 U.S.C. § 1983, he names only federal defendants, therefore, I construe his claims to be brought solely under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971) (providing a cause of action for monetary damages against federal officials in their official capacities for a violation of a federal constitutional right) and 18 U.S.C. §§ 241 and 242.

The complaint is before me for preliminary review to

determine whether, among other things, it states a claim upon which relief may be granted (document nos. 1 and 3).[1] See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3 (d)(2). For the reasons stated below, I recommend that the complaint be dismissed. I further recommend that Riccio's motion to amend the complaint be denied (document no. 11).

## STANDARD OF REVIEW

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. See LR 4.3(d)(2). In conducting the preliminary review, the court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit

---

[1]While I have limited my review to the complaint and supporting affidavit, I note that defendants have filed a motion to dismiss and supporting memorandum of law (document no. 17).

the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and an unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

BACKGROUND

This action stems from Riccio's federal criminal proceedings over which Judge Torres presided. On January 24, 2007, Riccio was indicted for making a false statement on a document submitted to the Transportation Security Agency in violation of 18 U.S.C. § 1001. See United States v. Riccio, 07-cr-0012 (D.R.I.). AUSA Chafee prosecuted Riccio, and Federal Public Defender Kevin Fitzgerald defended him. On May 2, 2007, Riccio moved to represent himself. Following a hearing, Judge Torres granted Riccio's motion and permitted him one week to file pretrial motions.

On May 16, 2007, Riccio filed several motions, five of which appear to be the basis of this action (Compl. ¶ 5; Riccio Aff. ¶

6):

1. Motion to Continue the Trial for at Least 30 Days;

2. Motion to Dismiss the Indictment;

3. Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion and All Public Officers of this Court to Uphold Such Rights;

4. Motion to Demand this Court Read All Pleadings Defendant Files and Adhere Only to Constitutionally Complaint (Sic) Law and Case Law and More Particularly, The Bill of Rights in its Ruling; and

5. Motion that the Court take Judicial Notice of Riccio's right to be tried under "Common Law".

On May 18, 2007, Judge Torres denied Riccio's motion for a continuance and his motion to dismiss the indictment. According to Riccio, Judge Torres also denied the remaining motions (Compl. ¶ 2). USA Corrente and AUSA Chafee responded to the motions, with the exception of the motion to take judicial notice. Riccio's trial began on May 22, 2007, and a jury returned a guilty verdict on May 25, 2007; he was sentenced to three months incarceration and two years of supervised release. He was ordered to surrender for service of sentence at an institution designated by the United States Bureau of Prisons on November 9, 2007.

Riccio now brings this civil rights action, alleging that his constitutional rights were violated by Judge Torres' disposition of various pretrial motions filed by Riccio during the course of his federal criminal proceedings. In addition, Riccio broadly alleges that USA Corrente and AUSA Chafee violated his "civil rights" and "right to due process." He seeks $10 million in damages for each alleged constitutional violation and also seeks to have the criminal indictment against him dismissed.

## DISCUSSION

### I. Judicial Immunity

Riccio alleges that his constitutional rights were violated when Torres, acting in his capacity as a United States District Court Judge, disposed of various pretrial motions filed by Riccio during the course of his federal criminal proceedings. Judge Torres' rulings allegedly violated Riccio's right to due process, right to equal protection and right to an unbiased and speedy trial. As a result of Judge Torres' actions, Riccio claims, he was denied sufficient opportunity to file additional pretrial motions, to subpeona witnesses, and to request copies of transcripts.

Judges are absolutely immune from suits seeking monetary damages for actions taken in their judicial capacities. See

Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Under the doctrine of judicial immunity, a judge is protected by absolute immunity from civil liability for any normal and routine judicial act. Stump, 435 U.S. at 356-57. "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). Furthermore, this immunity applies where a judge acts in excess of his authority or disregards elementary principles of procedural due process. See Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 21 (1st Cir. 1988). Only two exceptions exist to the bar imposed by judicial immunity. First, immunity does not attach where a judge acts in a non-judicial capacity. See Forrester v. White, 484 U.S. 219, 225 (1988). Second, immunity does not attach where a judge has acted in the "clear absence of all jurisdiction." Stump, 435 U.S. at 357.

Here, it is clear that Judge Torres is protected by the doctrine of judicial immunity. First, Riccio's claims are predicated on Judge Torres' disposition of pretrial motions in a pending criminal action. The disposition of motions is a quintessential judicial function. Id. at 362. Judge Torres

therefore acted within his judicial capacity with regard to ruling on the pretrial motions at issue. Second, contrary to Riccio's assertions, it is clear that Judge Torres had jurisdiction over his criminal action because Riccio was indicted for violating a federal statute. See 18 U.S.C. 3231 (providing the federal district courts with exclusive jurisdiction over offenses against the laws of the United States). Regardless of whether Judge Torres erred in the disposition of any motion filed by Riccio, he is entitled to absolute immunity from damages liability. Accordingly, I recommend that the monetary claims against Judge Torres be dismissed.

II. Prosecutorial Immunity

In the supporting affidavit[2] to the complaint, Riccio alleges that his constitutional rights were violated when USA Corrente and AUSA Chafee "refus[ed] to Obey the U.S. Constitution" and willfully violated his "Constitutional Right of Due Process and Civil Rights." The premise of Riccio's claim appears to be that defendants denied him a witnesses list and copies of documents to be used at trial.

"[P]rosecutors are absolutely immune from liability under §

[2]Nothing in the complaint (document no. 1) identifies a federal claim against Corrente and Chafee.

1983 for their conduct 'in initiating a prosecution and in presenting the State's case.'" Burns v. Reed, 500 U.S. 478, 486 (1991)(quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). While Imbler concerned claims against state prosecutors under Section 1983, "courts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1408 (3d Cir. 1991). For prosecutorial immunity to attach, the prosecutors' actions must be "intimately associated with the judicial phase of the criminal process." Burns, 500 U.S. at 493.

Here, to the extent Riccio predicates his claims on defendants' acts of filing motions or denying him a witness list and documents, their actions were intimately associated with the judicial phase of the criminal process and therefore trigger prosecutorial immunity. See Dela Cruz v. Kauai County, 279 F.3d 1064, 1067 n.3 (9th Cir. 2002) (affirming the grant of absolute immunity to prosecutor for filing a motion in a criminal case); Halter v. Sargus, 2007 WL 2323389, slip op. at *4 (S.D. Ohio Aug. 9, 2007)(holding that prosecutorial immunity barred claims based on prosecution's failure to disclose exculpatory evidence and other information concerning witnesses). I therefore conclude

that the actions by USA Corrente and AUSA Chafee are protected prosecutorial immunity. Accordingly, I recommend that the claims against them be dismissed.

III. Failure to State a Claim

While the complaint is not entirely clear, Riccio appears to seek two forms of relief. First, he seeks damages in the amount of $10 million for each alleged constitutional violation. Second, he appears to request this court to order the dismissal of his criminal indictment.

To the extent Riccio seeks damages, his claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harms caused by actions whose unlawfulness would render a conviction or sentence invalid," plaintiff must first prove that his conviction or sentence has been "reversed, expunged, invalidated, or impugned by grant of a writ of habeas corpus." Id. at 486-87; accord Figueroa v. Rivera, 147 F.3d 77, 80-81 (1st Cir. 1998) (holding that "the impugning of an allegedly unconstitutional conviction in a separate, antecedent proceeding a prerequisite to a resultant section 1983 action for damages"). See also Ariatti v. Edwards, 171 Fe. Appx. 718, 720 n.2 (10th

Cir. 2006) (concluding that even if claims against a judge for allegedly unconstitutional rulings during a criminal proceeding were not barred by judicial immunity, they would be barred by Heck because plaintiff's conviction had not been overturned or expunged.) The doctrine of Heck, decided in the context of Section 1983 civil rights actions against state actors, applies to Bivens-type actions against federal officers. See e.g., Case v. Milewski, 327 F.3d 564, 569 (7th Cir. 2003); Robinson v. Jones, 142 F.3d 905 (6th Cir. 1998); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995); Pandey v. Freedman, 66 F.3d 306 (1st Cir. 1995) (unpublished). Having failed to show that his conviction or sentence was set aside in a separate, antecedent proceeding, Riccio's current action "necessarily impl[ies] the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. Accordingly, I recommend that his request for damages be dismissed.

To the extent Riccio seeks dismissal of his criminal indictment, I recommend that his claim be dismissed. Such relief is available only through a direct appeal or a collateral proceeding under 42 U.S.C. § 2255. See Wilkinson v. Dotson, 544 U.S. 74, 80-82 (2005)(explaining that Heck prevents prisoners from making an end-run around the need to challenge the validity

or duration of their convictions using the vehicle of habeas corpus, rather than through an action under Section 1983 or Bivens). See also Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995)(dismissing Bivens action where plaintiff sought relief challenging the validity of his conviction).

IV. Sovereign Immunity

In this action, Riccio sues Torres, Corrente and Chafee in their respective capacities as United States District Court Judge, USA and AUSA. To the extent Riccio intends to sue the defendants in their official capacities, his claims are barred by sovereign immunity.

A suit against a federal agency or federal official in his official capacity is actually a claim against the United States. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The doctrine of sovereign immunity shields the United States from such suits unless it has given its consent to waive this immunity. See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994); accord Puerto Rico v. United States, 490 F.3d 50, 57 (1st Cir. 2007) (holding that "the United States and its agencies may not be subject to judicial proceedings unless there has been an express waiver of that immunity.") Absent express waiver of such consent, sovereign immunity bars claims against the defendants.

See Limar Shipping, Ltd. v. United States, 324 F.3d 1, 6 (1st Cir. 2003). See also Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 596 (1st Cir. 1982) (suit barred by sovereign immunity where plaintiff has made no effort to indicate basis upon which immunity would be waived for damages action against United States). Here, Riccio has not identified any basis upon which immunity would be waived for a damages action against the defendants. This court therefore lacks jurisdiction over his claims. See Limar Shipping, Ltd., 324 F.3d at 6 (holding that absent express waiver of sovereign immunity, federal courts lack subject matter jurisdiction over suits against the United States). Accordingly, I recommend that Riccio's claims be dismissed.

V. Motion to Amend Complaint

Riccio has filed a motion to amend his complaint to add 40 John Doe defendants, all of whom allegedly are federal and state government employees (document no. 11). He has not specifically identified the defendants or any actions taken by them that resulted in a constitutional deprivation. Instead, he broadly alleges that the unidentified defendants "are guilty of violating [his] constitutional and civil rights."

This action is predicated on Riccio's federal criminal

proceedings and rulings made by a United States District Court Judge with regard to various pretrial motions filed by Riccio. Even a liberal reading of the complaint suggests that the only individuals that reasonably could have been involved in the disposition of the motions and the federal proceedings are employees of the United States District Court and the United States Attorney's Office. Claims against such individuals are barred by the doctrines of judicial immunity and prosecutorial immunity. See Butler v. Johnson, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, slip op. at *3 (E.D. Va. Dec. 12, 2007)(extending the doctrine of absolute quasi-judicial immunity to quasi-judicial officers and court personnel); United States Government ex rel. Houck v. Folding Carton Admin. Committee, 121 F.R.D. 69, 71-72 (N.D. Ill. 1988)(collecting cases in which judicial immunity has been extended to various court personnel). See also Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995)(extending prosecutorial immunity to members of the prosecutor's staff). Because affording Riccio an opportunity to amend the complaint would unlikely cure the deficiencies in the original complaint, I recommend that his motion be denied.

CONCLUSION

For the reasons stated above, I recommend that the complaint

(document ncs. 1 and 3) be dismissed. I further recommend that the motion to amend (document no. 11) be denied.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date: December 20, 2007

cc: John L. Riccio, pro se